# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1409V
UNPUBLISHED

|  |  |
|---|---|
| ROXANNA COMMANCHE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 14, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On September 12, 2019, Roxanna Commanche filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on September 13, 2016.  Petition at 1. Petitioner further alleges that the adverse effects of her injury have lasted for longer than six months.  Petition at 1, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 22, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On July 8, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded (a) a lump sum payment of $120,000.00, representing compensation for pain and suffering; (b) a lump sum payment of $254.59, representing compensation for satisfaction of the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Presbyterian Centennial Care lien; and (c) a lump sum payment of $9,248.56, representing compensation for satisfaction of the Molina Health Care lien. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

A. **A lump sum payment of $120,000.00, representing compensation for pain and suffering in the form of a check payable to Petitioner**

B. **A lump sum payment of $254.59 representing compensation for satisfaction of the Presbyterian Centennial Care lien, payable jointly to Petitioner and**

**Presbyterian Health Plan Subrogation**
**P.O. Box 27489**
**Albuquerque, NM 87125-7489**
**Presbyterian ID: 10205131700**

Petitioner agrees to endorse this check to Presbyterian Health Plan Subrogation.

C. **A lump sum payment of $9,248.56 representing compensation for satisfaction of the Molina Health Care lien, payable jointly to Petitioner and**

**Equian**
**P.O.Box 32100**
**Louisville, KY 40232**
**Equian Event Number: 43153767**

Petitioner agrees to endorse this check to Equian.

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| ROXANNA COMMANCHE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 19-1409V |
| | ) Chief Special Master Brian Corcoran |
| SECRETARY OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 16, 2020, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered Guillain-Barre Syndrome within the Table timeframe following an influenza vaccination, and stating that he would not contest petitioner's entitlement to compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34. Accordingly, on June 22, 2020, the Chief Special Master issued a Ruling on Entitlement.

## I. Items of Compensation

Respondent proffers that petitioner should be awarded $120,000.00 for pain and suffering, $254.59 to satisfy a Medicaid lien asserted by Presbyterian Centennial Care, and $9,248.56 to satisfy a Medicaid lien asserted by Molina Healthcare of New Mexico. These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made in the form of three lump sum payments:

A. A lump sum payment of **$120,000.00,** representing compensation for pain and suffering, in the form of a check payable to petitioner.[1]

B. A lump sum payment of **$254.59** representing compensation for satisfaction of the Presbyterian Centennial Care lien, payable jointly to petitioner and

Presbyterian Health Plan Subrogation
P.O. Box 27489
Albuquerque, NM 87125-7489
Presbyterian ID: 10205131700

Petitioner agrees to endorse this check to Presbyterian Health Plan Subrogation.

C. A lump sum payment of **$9,248.56** representing compensation for satisfaction of the Molina Health Care lien, payable jointly to petitioner and

Equian
P.O. Box 32100
Louisville, KY 40232
Equian Event Number: 43153767

Petitioner agrees to endorse this check to Equian.

These payments represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail: lara.a.englund@usdoj.gov

Dated: July 8, 2020